UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

        Plaintiff,

v.

                Docket No.:  5:18-cr-353

ANTHONY HOPPER,

        Defendant.

_____

REPLY IN OPPOSITION

  The Defendant, Anthony Hopper, by and through his attorney, Jeffrey R. Parry, gives this response to the Government's motion for a protective order with regards to discovery in the above matter. The Government requests a limitation on material designated protective material which can only be disseminated among the defense team absent an order of the court and written material may not be left with any incarcerated defendant. I join with the co-defendants in opposing the motion.

  While I am sympathetic to the Government's concerns about guarding the public safety and have openly made this known to opposing counsel, the practicalities of maintaining the attorney-client relationship when my client is located many miles from my office prevent my cooperation. Mr. Hopper is

1

housed in the Broome County Correctional Facility which is located approximately 1.5 hours one-way from my office in Syracuse. This distance precludes regular stops at the facility to confer with my client and would make a review of the evidence only in my presence a particularly burdensome and inefficient undertaking. Moreover, I have only limited telephone contact with him. As such, the practicalities of the situation, without more, prohibit my cooperation if I am to be of any service whatsoever to Mr. Hopper.

Furthermore, I am inclined to think that ethical considerations would forbid my cooperating with the Government's request as it is, in the final analysis, my client's right to examine the evidence against him that is at stake. As his attorney, I cannot contribute to a deprivation of that right regardless of the circumstances.

Finally, and while I have not done extensive research on the subject, it would appear that any error in providing my client with relevant information may not entitle him to appellate relief unless the damage was substantially prejudicial. *See United States v. Yousef,* 327 F.3d 56 (2d Cir. 2003). I conclude that I am precluded from making such an accommodation at my client's expense and that the Court would be compromising the attorney-

2

client relationship if it were to grant the Government's motion. I therefore request that the motion be denied.

*Jeffrey Parry*
_____
Jeffrey Parry, Esq.
Attorney for the Defendant,
    Anthony Hopper
Bar Role Number: 508023
Office and Post Office Address:
*The White House*
7030 East Genesee Street
Fayetteville, N.Y. 13066
(315)424-6115
JeffreyParry404@gmail.com